No. ——

First Circuit

BABIN v. YOUNG

(June 26, 1926. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 509.**

Where the plaintiff acquiesced in the judgment by voluntarily paying it, the appeal must be dismissed for want of contest.

Appeal from the Parish of East Baton Rouge. Hon. W. Carruth Jones, Judge.

Action by Oscar Babin against W. C. Young, et al.

Motion to dismiss by defendant.

Appeal dismissed.

Leslie A. Fitch, of Baton Rouge, attorney for plaintiff, appellant.

Cross & Moyse, of Baton Rouge, attorneys for defendant, appellee.

MOUTON, J. Ronaldson-Puckett Company had a judicial mortgage against J. Wallace Long, from whom plaintiff bought a parcel of land with improvements. Plaintiff proceeded by rule against the clerk of court of East Baton Rouge and Ronaldson-Puckett Company to have the judicial mortgage in favor of Ronaldson-Puckett Company resting on the property so purchased by plaintiff erased and cancelled from the public records.

From a judgment dismissing his rule plaintiff has taken an appeal to this court.

Defendant moves to dismiss the appeal, alleging that plaintiff has acquiesced in the judgment by voluntarily paying it; that the judicial mortgage has been cancelled, and that only a moot question is presented for decision.

Ronaldson-Puckett Company, through its president, has attached its affidavit to the motion to dismiss in which it acknowledges that its judgment bearing on the property bought by appellant has been paid, as alleged in the motion to dismiss filed by defendant and appellee. Attached to the motion is also the certificate of the clerk of court showing that the judicial mortgage has been cancelled under the authorization of Ronaldson-Puckett Company.

Plaintiff, appellant, through his attorney of record, has filed a counter affidavit disputing that he has acquiesced in the judgment, but does not deny that Puckett Company received payment of the judicial mortgage, authorized its cancellation, and that it was actually erased or cancelled as appears from the certificate of the clerk. In what he terms his counter affidavit counsel for plaintiff says that, acting in compliance with a promise of sale, plaintiff sold the property on which the judicial mortgage rested to Philander Smith, who paid the mortgage with part of the purchase price, and that he gave the remainder thereof, $1082.90, to plaintiff. As the whole of the purchase price belonged to plaintiff, vendor, the part which was applied by Smith, "vendee," to the extinguishment of the mortgage, was the money

of the plaintiff, who therefore paid the mortgage in question. The foregoing admission which appears in the affidavit of plaintiff's counsel is in perfect harmony with the claim of defendant that the judgment or judicial mortgage had been paid by plaintiff and that the mortgage had been erased. As the only issue between plaintiff and defendant in the rule was as to whether or not the mortgage had been satisfied and cancelled, that issue has therefore disappeared from the case as appears from the record to which reference is hereinabove made. If a different state of facts were presented in the affidavit and counter-affidavit or conflicting issues were involved, we would, in such a case, remand the case for a solution by the lower court and have its findings returned to us in due course, under Succession of Womack, 29 La. Ann. 577, and other authorities cited by counsel for plaintiff.

Such, however, is not the situation, as it appears by admissions and the documents attached to the record that the bone of contention between the parties has been eliminated by payment and which leaves only moot questions for decision.

The appeal is therefore dismissed at appellant's cost.